IN THE FEDERAL DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

Christopher M. Keiss # 287263
(plaintiff)

v.

Commissioner Kim THOMAS
Warden Christopher Gordy
Warden James Carlton
(Defendants)

RECEIVED
2014 JAN 27 P 2: 17
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

COMPLAINT

Civil Action No.
2:14-CV-62-WKW-TFM

**DEMAND FOR JURY TRIAL**

## I. JURISDICTION AND VENUE

① This is a Civil action authorized by 42 USC. Section 1983 to redress the deprivation, under color of state law, of Rights Secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. Sec. 1381 and 1343(a)(3) Plaintiff Seeks declaratory relief Pursuant to 28 U.S.C Sec. 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sec. 2283 and 2284, and rule 65 of the federal rules of Civil Procedure.

② The UNITED STATES District Court for the Middle District of ALABAMA Northern Division is an appropriate venue under 28 U.S.C. Sec. 1391(b)(a) because it is where the events giving rise to the Claim Occurred.

## II. PLAINTIFF

③ Plaintiff, Christopher Keiss, is and was at all times mentioned as a prisoner herein of the STATE of ALABAMA, in the Custody of the ALABAMA Dept. of Corrections. I am currently in their Custody and Confined in Ventress Corrections Facility in Clayton AL.

④ Defendant, Kim Thomas is the Commissioner of the STATE Department of Corrections. He is Legally responsible for the overall Operation of the Department, and each institution under its jurisdiction, including Ventress Correctional Facility. I.E: (Respondant Superior)

⑤ Defendant, Christopher Gordy is the warden of Ventress Correctional facility, he is Legally responsible for the Operation of (V.C.F) and for the welfare of all the inmates in that Prison.

⑥ Defendant, James Carlton is the warden of Ventress Correctional Facility. he is also Legaly responsible for the operation of (V.C.F) and for the welfare of all the inmates in that Prison.

⑦ Each defendant is sued individualy and in his Official Capacity at all times mentioned in this Complaint each defendant acted under Color of State Law.

⑧       III.   FACTS

At Ventress Correctional Facility or (V.CF) i have lived in many different housing Units, this Camp is built for less than half of the Capacity it now holds in Prisoners, a minimum of time is allowed for recreation and it is currently understaffed. V.C.F. Sells tobacco for Smoking, and it is a known Carcinogen and highly addictive in both direct inhalation as well as Secondhand Smoke, it is also damaging and deadly in short term, and long exposures to it
    The rules for smoking are that it is prohibited inside of the housing units, but in my belief that rule exists solely for the protection of liability of the parties responsible for the welfare of the prison population, this policy is not realistic, and spurraticly enforced to allege Compliance of this policy. In reality it is both an unreasonable expectatation and a immediate threat to the health of this plaintiff. The prison allows possesion of tobacco and parafanalia to smoke and then limits time allowed to the yard to smoke one of the most addictive substances known to man,

and then expects prisoners who are addicted to the chemicals in tobacco smoke to obstain, the same prisoners who are incarcerated for failure to obey laws or rules of Society in the first place. As well i've contracted Scabies or some sort of unnamed contageous disease that i have been treated for. Overcrowding is rampant as well as the diseases spread by that condition. Prison officials in reality could not care less for the Safety, Sanitation, or Severely limited rehabilitive conditions at (V.C.F.) unless they are brought to light, and refuse to place Closed Circuit Video Cameras in the housing units because such video evidence would bring the issues of rampant disease, drug use and sales, homosexual activities, unchecked smoking, violence from staff and inmates, and the lack of Sound Security or rehabilitative programs into the public eye.

I have caught Scabies, been assaulted by staff and inmates, endured constant smoky conditions with Astoma, been assaulted for complaining, and witnessed the corruption of drugs and cellular phones, which cant be brought in by inmates, and had to live with the lack of effective security in V.C.F., and lack of effective Sanitation.

Alone any one of the above mentioned issues would not be considered cruel and unusual punishment, But the combination of all these factors in (V.C.F.) ammounts in totality to Cruel and Unusual Punishment, Covered by the 8th ammendment to the Constitution.

**✱ IV. EXHAUSTION OF LEGAL REMEDIES ✱**

⑨ This Plaintiff, Christopher M. Keiss, has sent complaints to both Wardens and from them, has recieved no response. There is no grievance procedure at (V.C.F.)

# V. Legal Claims

10) The Cruel Unusual Punishments by way of Overcrowding, Unsafe Conditions, failure to properly address the issues that Cause and spread disease, Complacency in issues of Prison Security, and lack of Sound Practices of appropriate and adaquate rehabilitive Services all togther Combine to become an 8th ammendment Violation of the U.S. Constitution.

11) The plaintiff has no plain, adaquate or complete remedy at Law to redress the wrongs described herein. Plaintiff has been, is being, and will Continue to be irreparably injured by the Conduct, or lack of action of the defendants unless the court grants a temporary restraining order, Preliminary injunctive relief, and permanant injunctive relief which the plaintiff Seeks.

12) Wherefore plaintiff respectfully prays that this court enter judgement granting plaintiff:

13) A temporary restraining order Prohibiting Sales of tobacco and possession thereof in (V.C.F)

14) A declaration that the acts and omissions described herein Violate this plaintiffs rights under the Constitution of the UNITED STATES.

15) A preliminary and permanant injunction ordering defendants to ban Sales and use of Tobacco products, immediately resolve the issues of unsafe, unsanitary and unhealthy Conditions by a specific date this court deems appropriate. And order Cameras be installed in the housing areas of (V.C.F) to monitor and remedy unsafe and Corruption laden issues within (V.C.F) and impliment policys that are more than Cursory and inneffective to Combat all of the issues previously mentioned herein and order a Complete independant investigation into those issues.

16) This plaintiff is asking for Compensatory damages in the ammount of $100.00 daily against each defendant, Jointly, and Severally begining at the date of Placement of this plaintiff at (V.C.F.)

17) Punitive damages in the ammount of $100.00 daily against each defendant Jointly Severally and begining at the date of placement of this plaintiff at (V.C.F.)

18) A Jury trial on all issues triable by Jury.

19) Plaintiffs Costs in this suit.

20) Any additional relief this Cart deems Just, Proper, and equitable.

Respectfully Submitted this 23rd day of January 2014.

Christopher M. Keiss 287263

* Verification *

I have Composed the foregoing Complaint and hereby verify that the alleged matters are true to the best of my belief. I certify under penalty of Perjury that the foregoing is true to the best of my belief.

Executed at Ventress Correctional Facility, Clayton AL.

Christopher M. Keiss # 287263



Christopher M. Reiss #287263
Ventress Correctional Facility
P.O. Box 767
Clayton, AL. 36016

OFFICES of the Clerk
U.S. District Court Clerk
Middle District. N. Div
P.O. Box 711
Montgomery AL. 36101-0711

Legal Mail for
*Indigent inmate*

...CE IS FORWARDED ... ALABAMA STATE PRISON. THE... HAVE NOT BEEN EVALUATED. ...HE ALABAMA DEPARTMENT OF CORRECTIONS IS NOT RESPONSIBLE FOR THE SUBSTANCE OR CONTENT OF THE ENCLOSED COMMUNICATION.

Montgomery P&DC 360
FRI 24 JAN 2014 PM