IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. KEISS, #287 263, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:14-CV-62-WKW |
| | ) | [WO] |
| COMMISSIONER KIM THOMAS, | ) | |
| *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility, filed the captioned action on January 27, 2014. The complaint contains a request for a preliminary injunction. *See* Rule 65(a), *Federal Rules of Civil Procedure*. Specifically, Plaintiff requests that Defendants be enjoined from: 1) selling tobacco products; 2) allowing the use of tobacco products at the institution; and 3) allowing unsafe, unsanitary, and unhealthy conditions of confinement at Ventress. Inasmuch as the court has determined that Plaintiff's motion for temporary injunction with regard to these matters is due to be denied, (*see Doc. No. 7*), the court finds that Plaintiff's request for a preliminary injunction is due to be denied as the standards for granting relief on a TRO and a preliminary injunction are the same. *See Parker v. State Bd. Of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).[1]

---

[1] A temporary restraining order ("TRO") is appropriate where the movant demonstrates that (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker*, 275 F.3d at 1034-35.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Plaintiff (*Doc. No. 1*) be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **March 5, 2014,** Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

---

The movant bears the burden of proving each of these four elements. *Teper v. Miller*, 82 F.3d 989, 992 n.3 (11th Cir. 1996).

Done, this 18th day of February 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE